# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOEY JRAMMEL PARKER,

        Petitioner,                      Case Number: 09-CV-13329

v.                                            HON. ARTHUR J. TARNOW

CINDI CURTIN,

        Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS AND DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for first degree premeditated murder (MICH. COMP. LAWS 750.316(1)(a)), felon in possession of a firearm (MICH. COMP. LAWS 750.224f), and possession of a firearm during the commission of a felony (MICH. COMP. LAWS 750.227b(1)). The Court denies a writ of habeas corpus because Petitioner was not unlawfully deprived of effective assistance of counsel when his counsel: 1) failed to present an expert witness; 2) encouraged defendant to have a bench trial; and 3) allegedly failed to present a defense.

## Background

Petitioner's convictions arose from the fatal shooting of nineteen-year-old Brandon Bell in a Detroit home on December 6, 2006. Testimony from witnesses at trial established that Rico Bell, Brandon's brother, answered a knock at the door to the home, admitting two men who asked for Brandon. When Brandon appeared, one of the visitors shot him, then both visitors fled the house. Additional shots were fired inside and outside of the home, by one or both of the men. At

the time of the shooting, there were four adults present in the home in addition to the murder victim. All four of the surviving adults present positively identified Petitioner as the man who shot Brandon. At trial, all four of the witnesses testified that they had seen the perpetrator and were able to identify the Petitioner after the shooting as the man who shot Brandon.

## Procedural History

Following a bench trial on June 14, 2007, in Wayne County Circuit Court, Petitioner was convicted of first degree premeditated murder (MICH. COMP. LAWS 750.316(1)(a)), felon in possession of a firearm (MICH. COMP. LAWS 750.224f), and possession of a firearm during the commission of a felony ("felony-firearm") (MICH. COMP. LAWS 750.227b(1)). On June 28, 2007, the trial court sentenced Petitioner as an habitual offender, third offense (MICH. COMP. LAWS 769.11), to concurrent prison terms of two to five years for the felon-in-possession conviction and mandatory life in prison without parole for the first-degree murder conviction, to be served consecutive to a two-year term for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. Was Defendant's attorney ineffective for failing to present an expert on eyewitness identification testimony where the prosecution's entire case rested on the identification testimony of witnesses who gave widely divergent descriptions of the assailant?
>
> II. Should this 1st degree murder case be remanded to the trial court for a hearing to determine why trial counsel encouraged defendant to have a bench trial rather than a jury trial and then failed to present any defense or otherwise attack the prosecution's eyewitness identification evidence in a case where counsel agreed the only issue for the court was identification?

The Michigan Court of Appeals affirmed Petitioner's convictions on October 23, 2008. *People v. Parker*, No. 279246, 2008 WL 4684152 (Mich. App. 2008). Petitioner moved for reconsideration, which was denied on December 11, 2008. On the same date, Michigan Court of Appeals vacated the October 23, 2008 opinion and issued a new opinion, per the Court's own motion. *People v. Parker*, No. 279246, 2008 WL 5197087 (Mich. App. 2008). Petitioner subsequently filed an application for leave to appeal in the Supreme Court of Michigan, raising the same issues. The application was denied on April 28, 2009, because the Court was "not persuaded that the questions presented should be reviewed by this Court." *People v. Parker*, 483 Mich. 980; 764 N.W. 2d 235 (Mich. 2009).

Petitioner filed a *pro se* petition for habeas corpus relief on August 11, 2008. Petitioner raises the same claims in his habeas petition as presented in the state courts.

**Standard of Review**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

## Discussion of Claims

### I. Whether there was ineffective assistance of counsel

### Clearly Established Law

To establish that a petitioner received ineffective assistance of counsel, he must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

4

sufficient to undermine confidence in the outcome." *Id.* at 694. "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'" *Tinsley v. Million*, 399 F.3d 796, 802 (6th Cir. 2005), *quoting Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)."Because advocacy is an art and not a science, . . . [counsel's] strategic choices must be respected," if they were "made after thorough investigation of law and facts relevant to plausible options." *Strickland*, 466 at 690. The Supreme Court explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689.

## Discussion

### A. Failure to present an expert witness

Petitioner alleges that his trial counsel was ineffective because he failed to present an expert witness to testify on the unreliability of eyewitness testimony. A witness with this area of expertise was particularly important in Petitioner's case because eyewitness identification was the only evidence against Petitioner. Petitioner believes that because counsel stated in court that

identification was the sole issue in the case, and then failed to take measures to question the identification evidence, counsel was ineffective. The only solid defense was to cast doubt on the identification witnesses, which Petitioner alleges was not possible by cross examination of the prosecution's witnesses alone. Petitioner asserts that the court was guided in its conclusion of his guilt by misperceptions about the strength of eyewitness identification testimony. Counsel's failure to call an expert witness on the unreliability of eyewitness testimony was not harmless error, because the trier of fact did rely on the identification testimony and that reliance detrimentally affected Petitioner. Thus, Petitioner believes he was not fairly convicted.

The Court of Appeals of Michigan reviewed this ineffective assistance of counsel claim, stating that in order to establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that he was not performing as the attorney guaranteed by the Sixth Amendment. *People v. Pickens*, 446 Mich. 298, 302-303; 521 N.W. 2d 797 (1994). A defendant must overcome the presumption that the challenged conduct might be considered sound trial strategy and must further show that he was prejudiced by the error in question, i.e., that there is a reasonable probability that but for counsel's error the outcome would have been different. *Id*. at 312-314; *People v. LaVearn*, 448 Mich. 207, 216; 528 N.W. 2d 721 (1995). Where counsel's conduct involves a choice of strategies, it is not deficient. *Id.* Michigan Court of Appeals went on to state:

> In the present case, all four witnesses had an opportunity to observe the perpetrator and identified defendant as the shooter. Rico Bell opened the door for defendant, saw him pull out a weapon, and saw him run out of the house. Niaya Selma saw defendant point a

> weapon at the victim as she was walking up the stairs. Shawn Gould saw defendant as he walked by Gould in the kitchen. Julius Wilson saw defendant as Wilson came out of the back room to investigate the commotion.
>
> Further, Selma testified that she recognized defendant from the neighborhood. Selma identified defendant as Fluco. The police later showed the four witnesses photographs of a man known as "Fluco," who was not defendant, and none of the witnesses selected that photograph. After learning that defendant was also known as Fluco, the police prepared a photographic lineup with defendant's photograph, and Bell selected defendant's picture.
>
> Defendant has not overcome the presumption that defense counsel chose not to call an expert to testify concerning the vagaries of eyewitness testimony as a matter of strategy, because he believed it would not make a difference. Even if counsel's failure to call an expert witness could be considered objectively unreasonable, however, defendant has failed to show that there is a reasonable probability that, but for this alleged error, the outcome of the trial might have been different. This is not a case that hinged on the questionable testimony of a single eyewitness. Rather, defendant was identified by all four eyewitnesses, each of whom had an opportunity to observe the perpetrator during the offense. Additionally, one of the witnesses knew defendant from the neighborhood. Further, unlike in *Ferensic v. Birkett*, 501 F. 3d 469, 483-484 (CA 6, 2007), the record does not reflect any doubts by the trier of fact with regard to the identification of the perpetrator. On the contrary, the trial court, sitting as the trier of fact, stated that defendant was "identified soundly and surely and clearly and irrevocably as the shooter." The court further stated that "[t]he identification testimony was unwavering and there was no evidence of any inconsistencies, any hesitation, any conflicts, any misidentifications or anything that would cause me to have reasonable doubt about the identification." The court stated that it was "very comfortable with the identification evidence in this case." Accordingly, defendant has failed to show that he was prejudiced by defense counsel's failure to call an expert witness.

*People v. Parker*, No. 279246, 2008 WL 5197087, at *2 (Mich. App. Dec. 11, 2008).

**Applicable Law**

With regard to the failure to call an expert on eyewitness testimony, federal courts have held that a defense attorney's cross examination of eyewitnesses is a sufficient method of attempting to deal with the issues presented by eyewitness testimony. *See Davenport v. Curtis*, 2008 WL 4534198, at *3 (E.D.Mich.), citing *Madrigal v. Bagley*, 276 F. Supp. 744. 791-92 (N.D.Ohio 2003), Ferensic v. Birkett, 501 F.3d 469, 483-84 (6th Cir. 2007), *Tipton v. United States*, No. 96-5026, 1996 WL 549802 at *1-2 (6th Cir. 1996). While decisions as to what evidence to present and whether to call certain witnesses are generally presumed to be a matter of trial strategy, the failure to call witnesses or present other evidence may constitute ineffective assistance of council when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004); *Hutchinson v. Bell*, 303 F. 3d 720, 749 (6th Cir. 2002). Even when making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

**Analysis**

Petitioner cannot show that failure to present an expert witness on eyewitness testimony amounted to ineffective assistance of counsel. Decisions as to whether to call certain witnesses are generally presumed to be a matter of trial strategy, and here, there is no evidence to indicate that the strategy was unreasonable. Counsel's failure to call a witness did not deprive Petitioner of a substantial defense, as Counsel cross-examined eyewitnesses regarding their identification of the shooter.

## B. Waiver of Jury Trial

Petitioner alleges that his trial counsel was ineffective because he encouraged Petitioner to waive a jury trial. Petitioner acknowledges that the decision of bench trial over a jury trial is strategic; however, he believes that it was not sound trial strategy in this case. Although Petitioner was properly advised of his right to a jury trial and properly waived that right, the waiver was made solely on advice of counsel. Petitioner alleges that a bench trial is a risky strategy in a first-degree murder case, and so unsound as to rise to level of constitutional ineffectiveness. Petitioner believes that the Court should compel trial counsel to justify his encouragement of a bench trial as sound trial strategy.

Michigan Court of Appeals reviewed this claim as follows:

> Defendant argues that defense counsel was ineffective for advising him to waive a jury and be tried before the court. Defendant implies that the outcome of his trial might have been different if he had been tried by a jury.
>
> Defendant concedes that the decision to ask for a bench trial rather than jury trial is a matter of trial strategy. Defendant also concedes that there was a proper waiver of his right to a jury trial. He does not claim that the trial judge was biased or partial, or somehow deprived him of a fair trial. Thus, the only way for defendant to prevail on this issue is to show that counsel's advice (to waive a jury trial) was a serious error because a jury was somehow less likely to convict defendant. Defendant cannot make such a showing, nor is there any basis in the record for concluding that the outcome of trial might have been different if defendant had been tried by a jury rather than a judge. We therefore reject this claim of error.

*People v. Parker*, No. 279246, 2008 WL 5197087, at *3 (Mich. App. Dec. 11, 2008).

**Applicable Law**

The United States Supreme Court has held that for a waiver of the right to a jury trial to be valid, the waiver must be made knowingly, intelligently, and voluntarily. *Shreeve v. Schriro,* 2009 WL 1884370, at *4 (D. Ariz. June 30, 2009) (internal citations omitted).

**Analysis**

Counsel's strategic decision to encourage Petitioner to waive a jury trial does not rise to the level of unreasonableness. Petitioner acknowledges his voluntary and knowing relinquishment of the constitutional right to a jury trial.

**C. Failure to Present a Defense**

Petitioner alleges that his trial counsel was ineffective in that counsel failed to make a reasonable investigation on Petitioner's behalf, which deprived Petitioner of a substantial defense. Petitioner states that no other testimony and no other physical evidence linked him to the crime. Counsel left the prosecution to its proof, putting on no defense after conceding that the sole issue was identification. Counsel must take reasonable steps to challenge the weight and credibility of the evidence against the defendant, including witness testimony; Petitioner alleges that his trial counsel did not do so.

Michigan Court of Appeals reviewed this claim as follows:

> Defendant inaccurately asserts that defense counsel failed to present a defense. Rather, he advanced a mistaken identification defense, and cross-examined the prosecution's witnesses in an attempt to undermine their identification testimony. Apart from the failure to call an expert witness, which we have already addressed, defendant does not indicate what other witnesses defense counsel should have called, or what other defenses counsel should have presented. The

> record shows that, before trial, defense counsel filed a notice of alibi and was granted court assistance in serving his alibi witness. But defendant withdrew this defense before trial, and defendant does not address the alibi issue on appeal. Thus, there is no basis for concluding that defense counsel was ineffective for either failing to call witnesses, or failing to pursue a different defense.

*People v. Parker*, No. 279246, 2008 WL 5197087, at *3 (Mich. App. Dec. 11, 2008).

### Applicable Law

With regard to a claim that counsel was ineffective for failing to conduct an adequate investigation:

> [D]ecisions made by trial counsel after "less than complete investigation," . . . "are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."

*Brown v. Smith*, 551 F.3d 424, 430 (6th Cir. 2008), *quoting Strickland*, at 690-91.

*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) held that "... the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. State*, 338 U.S. 14, 19 (1967).

### Analysis

Petitioner was not deprived of a substantial defense, as his trial counsel cross-examined witnesses regarding possible identification errors, the amount of time witnesses were exposed to the shooter, the fact that only one witness knew the shooter by name, and more. Petitioner made

no specific allegations as to what counsel should have investigated. Counsel thus presented a defense with reasonable strategic decisions.

### Claim I Conclusion

In each of Petitioner's allegations of ineffective assistance of counsel - failure to present an expert witness, waiver of a jury trial, and failure to present a defense - Petitioner failed to show that counsel's performance was deficient in strategy or that counsel's allegedly deficient performance prejudiced the petitioner. In each instance, the State Court of Appeals decision was neither contrary to clearly established federal law nor resulted in a decision that was based on an unreasonable determination of the facts. Therefore, the decision as to Claim I of the Michigan Court of Appeals is a reasonable application of *Strickland* and Claim I is denied.

### II. Whether case should be remanded to the trial court for a hearing

Petitioner alleges that the record is insufficient to support a claim of ineffective assistance of counsel. Therefore, Petitioner filed a motion to remand under MCR 7.211(C)(1) at same time he filed his brief on appeal in Court of Appeals; however, the motion was denied. Petitioner specifically questions his trial counsel's strategic decisions in encouraging Petitioner to have a bench trial rather than a jury trial and in counsel's failure to present any defense or otherwise attack the prosecution's eyewitness identification evidence in a case where counsel agreed the only issue for the court was identification. Petitioner cannot show the particulars of his trial counsel's strategy because his appellate counsel was unable to speak with trial counsel. Thus, Petitioner believes a hearing is necessary to bring to light trial counsel's strategy in encouraging a bench trial and calling no defense witnesses.

Michigan Court of Appeals stated the following upon review of this claim:

> Defendant lastly argues that this Court should remand this case for an evidentiary hearing on the issues of whether defense counsel was ineffective for advising defendant to waive a jury trial, and for failing to call any witnesses or present a defense. To be entitled to a remand, however, defendant must show (by affidavit or offer of proof) that there are facts to support his claims. See MCR 7.211(C)(1)(a). Defendant must also show that the issues have enough merit to warrant remand for an evidentiary hearing. See *People v. LaPlaunt*, 217 Mich. App. 733, 735-737; 552 N.W. 2d 692 (1996).
>
> As noted previously, defendant's motion to remand for a *Ginther* hearing was denied by this Court "for failure to persuade this Court of the need to remand at this time." This Court remains unpersuaded of the need for a remand.
>
> While defendant presented an affidavit of appellate counsel with the motion for a remand, appellate defense counsel's affidavit did not, and does not, meet threshold requirements of showing the need for a remand as explicated in *LaPlaunt*. Appellate defense counsel's affidavit only reiterated the claims made in the motion, and the fact that the trial attorney failed to respond to her calls or letters. We find insufficient evidence to warrant a remand. Appellate counsel's affidavit fails to identify any witnesses who should have been called at trial. We will not remand where appellate defense counsel would only, at all appearances, conduct what amounts to a fishing expedition by cross-examining defense trial counsel.
>
> Moreover, appellate defense counsel fails to demonstrate by affidavit the proposed expert witness testimony that would call into question the eyewitness identification testimony used against defendant at trial. We will not, without specific, proposed expert testimony, indulge a presumption that eyewitness testimony is unreliable in any general sense. Appellate counsel's affidavit fails to contain sufficient evidence to lead us to believe that a jury trial would have led to a different outcome. Finally, we have already concluded, above, that defense trial counsel did not fail to present a defense. For these reasons, we conclude that a remand for an evidentiary hearing is not warranted.

*People v. Parker*, No. 279246, 2008 WL 5197087, at * 3-4 (Mich. App. Dec. 11, 2008).

## Clearly Established Law

The Supreme Court held in *Schriro v. Landrigan*:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. See, *e.g., Mayes v. Gibson*, 210 F. 3d 1284, 1287 (C.A. 10 2000). Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. See *id*., at 1287-1288. ("Whether [an applicant's] allegations, if proven, would entitle him to habeas relief is a question governed by [AEDPA]"). It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 550 U.S. 465, 474; 127 S. Ct. 1933, 1940.

Per *Totten v. Merkle*, 137 F. 3d 1172, 1176 (1998), an evidentiary hearing is not required on issues that can be resolved by reference to the state court record. No hearing is required when the applicant fails to present clear and convincing evidence to rebut a state court's factual findings. *Clark v. Johnson*, 202 F. 3d 760, 767 (5th Cir. 2000), as stated in *Schriro v. Landrigan*, 550 U.S. 465, 474-475; 127 S. Ct. 1933, 1940.

## Analysis

Petitioner did not present clear and convincing evidence sufficient to rebut the state court findings. No clear factual allegations regarding Petitioner's trial counsel's strategies or motives warrant habeas relief. Here, the state court record is sufficient to explore Petitioner's issues. The

*Parker v. Curtin*     09-CV-13329

holding of The Court of Appeals of Michigan is a reasonable application of federal law. Thus, habeas relief is not warranted on Claim II.

**Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. §2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that a district court "issue ir deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the decision of Michigan Court of Appeals as to Petitioner's claims of ineffective assistance of counsel was a reasonable application of clearly established federal law under the *Strickland* standard. In addition, because an evidentiary hearing is not required on issues that can be resolved by reference to the state court record, which was sufficient to that purpose in this case, reasonable jurists would not debate the Court's outcome as to Claim II. Therefore, the Court denies a certificate of appealability.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is denied.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2010, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Secretary